# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DENNIS GRACE,**
**CLAY JOHNSON,**

        **Plaintiffs,**

-vs-                                                 **Case No. 6:07-cv-1324-Orl-28GJK**

**DRS SENSORS & TARGETING SYSTEMS, INC.,**

        **Defendant.**

## ORDER

This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **EXPEDITED DEFENDANT DRS'S MOTION FOR PRETRIAL CONFERENCE, MOTION TO CONSOLIDATE FOR PURPOSES OF TRIAL, AND MOTION TO REVISE CASE MANAGEMENT AND SCHEDULING ORDER (Doc. No. 48)** |
| **FILED:** | November 5, 2008 |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

### I. Background

On or about August 23, 2007, Plaintiffs Dennis Grace and Clay Johnson ("Plaintiffs") brought this action (the "First Action") against Defendant DRS Sensors & Targeting Systems, Inc. ("Defendant"). Doc. No. 2. Plaintiffs allege that they are minorities who suffered various forms of discrimination and retaliation at the hands of the Defendant employer. On October 20, 2008, Plaintiffs filed a Second Amend Complaint. Doc. No. 45. Under the current Case Management and

Scheduling Order, Defendant's deadline for filing summary judgment motions is November 24, 2008. Doc. No. 14.[1]

On September 12, 2008, Plaintiffs filed a new complaint (the "Second Action") against Defendant and DRS Technologies, Inc. (collectively, the "Defendants"), in Case No. 6:08-cv-1570-28GJK. Doc. No. 1 in Second Action. Plaintiffs allege in the Second Action that they are minorities who suffered various forms of discrimination, retaliation, and termination at the hands of the Defendant employer. *Id*. Counsel for Defendants maintains that DRS Technologies, Inc. is the parent company of Defendant. On November 18, 2008, counsel filed a notice of appearance in the Second Action. Doc. No. 6 in Second Action.[2]

On November 5, 2008, Defendant filed the present Expedited Motion for Pretrial Conference, Motion to Consolidate for Purpose of Trial, and Motion to Revise Case Management and Scheduling Oder (the "Motion") in the First Action. Doc. No. 48. In the Motion, Defendant seeks to consolidate the two cases only for purposes of trial. *Id*. at ¶¶ 12-13. Pursuant to Rule 42(a)(2), Federal Rules of Civil Procedure, and Local Rule 1.04(c), Defendant argues that the cases share the same judge and common questions of law and fact. *Id*. at ¶¶ 7-13. If the cases are consolidated, Defendant requests that the current Case Management and Scheduling Order be amended to include the Second Action. *Id*. at ¶ 15.

---

[1] On September 15, 2008, the Court entered an order staying Defendant's deadline to file motions for summary judgment until forty-five days after the Court ruled on Defendant's Motion to Dismiss. Doc. No. 38. The Court granted Defendant's Motion to Dismiss on October 8, 2008. Doc. No. 43. Therefore, Defendant's motion for summary judgment is currently due on or before November 24, 2008.

[2] At the November 19, 2008, hearing, counsel for Defendants accepted service of the complaint in the Second Action.

On November 10, 2008, Plaintiffs filed their Response to the Motion (the "Response").  Doc. No. 49.  In the Response, Plaintiffs argue the Second Action involves discrimination, retaliation, and termination issues occurring subsequent to the time period in the Complaint.  *Id*. at ¶ 1.  Furthermore, Plaintiffs assert the Second Action includes conspiracy claims not part of the Complaint and upon further investigation, other parties may be added to the Second Action.  *Id*. at ¶ ¶ 1-3.  In the Response, Plaintiffs do not address Rule 42(a)(2) or Local Rule 1.04(c).

On November 19, 2008, the Court held oral argument on the Motion specifically concerning whether the two cases should be consolidated.  Defendants argued the cases meet the criteria for consolidation under the Rule 42(a)(2) and Local Rule 1.04(c).  Plaintiffs argued consolidation would unduly delay their ability to obtain justice.

The Court, after having been fully briefed on the issues and having the benefit of oral argument, hereby finds the cases should be consolidated for all purposes.

**II.    The Law and Application**

Rule 42(a)(2) and Local Rule 1.04(c) provide that a court may consolidate two actions if they involve common questions of law or fact.  *Id*.  Both cases involve the same Plaintiffs and the same Defendant employer.  The cases present multiple common questions of law, such as claims under the make and enforce contracts clause of 42 U.S.C. § 1981, claims of racial discrimination under the like pains and punishment clause of 42 U.S.C. § 1981, claims of retaliation under 42 U.S.C. § 1981, and claims under Florida's Whistleblower Act, Fla. Stat. § 448.01, *et seq*.  All of the claims arise out of the same factual circumstances surrounding Defendant's employment of Plaintiffs. While the Motion seeks consolidation for trial purposes only, both parties agree that discovery will be needed in the

Second Action.  Therefore, the Court finds the cases should be consolidated for all purposes.  The portion of the Motion requesting Consolidation is **GRANTED**.  The Clerk is directed to consolidate the cases.

Because the cases are consolidated for all purposes, the current Case Management and Scheduling Order must be amended. Therefore, the current deadlines in the Case Management and Scheduling Order are hereby suspended.  The parties are directed to promptly engage in a good faith conference to develop dates for the progress of the case.  If the parties are unable to agree on dates, each party shall file a detailed plan with dates for the progress of the case within five (5) days and the Court will establish an appropriate schedule.  The portion of the Motion requesting revision of the Case Management and Scheduling Order is **GRANTED.**

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties

-4-